**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

FILED

2013 DEC 20 P 2: 49

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 13- 793 ML

| | |
|---|---|
| WILLIAM B. KNOWLES and PATRICIA A. DOYLE, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) CASE NO. _____ ) |
| v. | ) CLASS ACTION COMPLAINT ) ) |
| TARGET CORPORATION | ) ) ) |
| Defendant. | ) JURY TRIAL DEMANDED ) |

## CLASS ACTION COMPLAINT

Plaintiffs, William B. Knowles (hereafter also referred to as "Knowles") and Patricia A. Doyle (hereafter also referred to as "Doyle") (Knowles and Doyle collectively hereafter also referred to as "Plaintiffs"), bring this action individually and on behalf of a nationwide class of all persons similarly situated (hereafter "Class") against Target Corporation (hereafter also referred to as "Defendant" or "Target") for Defendant's failure to adequately safeguard and maintain the security of private and confidential financial and personal information of about 40 million of Defendants' credit and debit card customers in what may be one of the largest data security breaches affecting a general merchandise retailer in the United States. Defendant has stated publicly, on December 19, 2013, that between on or about November 27, 2013 and through on or about December 15, 2013, credit and debit card information was compromised and that confidential financial and personal information of its customers is at risk. See Exhibit A.

1

Plaintiffs, on behalf of themselves and the Class, seek redress in the form of damages, attorneys' fees, litigation expenses and costs, injunctive relief, declaratory relief, and such other relief at law or equity as the court may deem just and proper on their own behalf and on behalf of the Class against Defendant. Plaintiffs allege the following upon personal knowledge as to their own acts, and upon information and belief based on widely disseminated news reports and the investigation conducted by Plaintiffs' Counsel, as to all other matters:

## INTRODUCTION

1.      Millions of consumers regularly shop at Target's hundreds of stores in the United States. Target is the second largest general merchandise retailer in the United States.

2.      A massive data security breach involving approximately 40 million credit and debit cards that were used at Target stores, between on or about November 27, 2013 through on or about December 15, 2013, has been widely reported by numerous news organizations.

3.      This action is brought to obtain redress for losses and damages sustained by the Plaintiffs and the Class as a result of the failure of the Defendant to maintain the security of private and confidential financial and personal information of Defendant's credit and debit card customers.

4.      Plaintiffs were customers of these stores during the Class Period. In the course of making purchases at these stores during the Class Period, Plaintiffs and the Class made use of debit cards and credit cards issued by financial institutions to access their bank accounts or create credit relationships.

5.      In making these purchases, Plaintiffs and the Class were requested by Defendant to confide and make available to Defendant, its agents and employees, private and confidential debit and credit card information, some of which was encoded on their cards, including their

2

names, card numbers, expiration dates, personal identification numbers (hereafter also referred to as "PIN"), and security codes.

6.      This information was entrusted to Defendant solely for the purpose of effectuating payment for purchases and with the expectation and implied mutual understanding that Defendant would strictly maintain the confidentiality of the information and safeguard it from theft or misuse.

7.      Between on or about November 27, 2013 through on or about December 15, 2013, wrongdoers obtained access to Defendant's information technology systems and, until containment of this security breach on or about December 15, 2013, stole private and confidential debit card and credit card information, including up to an estimated 40 million debit card and credit card numbers, expiration dates, security codes, PIN numbers and other information, belonging to Plaintiffs and the Class.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2)(A), because this is a class action and the amount in controversy exceeds $5,000,000.00 , exclusive of interest and costs; at least one Plaintiff has citizenship diverse from the Defendant; and there are more than 100 class members.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendant transacts business in this judicial district and a substantial part of the events giving rise to the claim occurred within this judicial district.

## PARTIES

10.     Plaintiffs are residents of the State of Rhode Island.

3

11.     Defendant is a corporation organized under the laws of the State of Minnesota with its headquarters and principal place of business in Minneapolis, Minnesota

## PLAINTIFFS' EXPERIENCES

12.     Plaintiff, William B. Knowles, used his debit card at a Rhode Island Target store on December 14, 2013,

13.     Plaintiff, Patricia A. Doyle, used her credit card at a Rhode Island Target store on December 1, 2013, December 6, 2013 and December 8, 2013.

## CLASS ACTION ALLEGATIONS

14.     Plaintiffs bring this action on behalf of themselves and a Class and of all persons similarly situated pursuant to Fed. R. Civ. P. 23 as defined as follows:

**CLASS:**

All persons residing in the United States who made an in-store purchase at a Target store in the United States using a debit or credit card that was swiped through a PIN pad and whose confidential financial and personal information was compromised, captured, accessed, disseminated, and/or misused by third parties  at any time during the period from on or about November 27, 2013 through on or about December 15, 2013.

15.     Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant or any employees, officers, or directors of Defendant; legal representatives, successors, or assigns of Defendant; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

16.     **Numerosity.**  Upon information and belief, the Class is numerous and dispersed such that joinder of all members is impracticable.  The exact number of Class members is unknown, but can be determined from, including but not limited to, Defendant's computerized and other records.

4

17.   **Commonality.**   There are questions of law and fact that are common
to all members of the Class which questions predominate over any question affecting only an
individual Class member.   The members of the Class were and continue to be subjected to the
same practices of the Defendant.   The common questions and principal common issues raised by
Plaintiffs' claims include:

    a.   Whether Defendant's conduct violated the federal Stored Communications Act,
18 U.S.C. § 2702 (hereafter also referred to as "SCA");

    b.   Whether Defendant acted negligently in failing to properly safeguard Class
members' financial and personal data;

    c.   Whether Defendant's conduct constitutes a breach of its implied contracts with
the Class; and

    d.   Whether Plaintiffs and the Class have been damaged as a result of Defendant's
actions and if so what is the appropriate measure of relief;

18.   **Typicality.**   Plaintiffs' claims are typical of the claims of all the Class, because
their claims are based on the same legal and remedial theories as the claims of the Class and arise
from the same course of conduct by Defendant.

19.   **Adequacy.**   Plaintiffs will fairly and adequately protect the interest of all Class
members in the prosecution of the action and in the administration of all matters relating to the
claim stated herein.   Plaintiffs are similarly situated with, and has suffered similar injuries as, the
members of the Class he seeks to represent.   Plaintiffs have retained counsel experienced in
handling class action lawsuits.   Neither Plaintiffs nor their counsel have any interest which might
cause them not to vigorously pursue the action.

20. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the Class is impracticable. Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendant has subjected the entire Class to the same violations. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendant's uniform violations of predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of the action as a class action. Defendant has acted and continues to act in a manner that is generally applicable to all members of the Class making final injunctive relief appropriate.

## CAUSES OF ACTION

## COUNT I

### Violation of the Federal Stored Communications Act, 18 U.S.C. § 2702

21. Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the allegations contained in all of the preceding paragraphs of the complaint as though fully stated herein.

22. The SCA provides consumers with redress if a company mishandles their electronically stored information. The SCA was designed, in relevant part, "to protect individuals' privacy interests in personal and proprietary information." S.Rep. No. 99-541, at 3 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, at 3557.

23. Section 2702(a)(1) of the SCA provides "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. §

2702(a)(1).

24.     The SCA defines "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications." *Id.* at § 2510(15).

25.     Through its payment processing equipment (including its PIN pad terminals), Target provides an "electronic communication service to the public" within the meaning of the SCA because it provides consumers at large with credit and debit card payment processing capability that enables consumers to send or receive wire or electronic communications concerning their account data and PINs to transaction managers, card companies or banks.

26.     By failing to take reasonable steps to safeguard sensitive consumer financial data, Target has knowingly divulged customer credit and debit card account information and PINs that were communicated to financial institutions solely for the customer's payment verification purposes, while in electronic storage in Targets' PIN pad terminals.

27.     Section 2702(a)(2)(A) of the SCA provides "a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service." 18 U.S.C. § 2702(a)(2)(A).

28.     The SCA defines "remote computing service" as "the provision to the public of computer storage or processing services by means of an electronic communications system." 18 U.S.C. § 2711(2).

29.     An "electronic communications system" is defined by the SCA as "any wire, radio, electromagnetic, photo-optical or photoelectronic facilities for the transmission of wire or electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications." 18 U.S.C. § 2510(14).

30.     In addition or in the alternative to providing an electronic communications service, Target also or alternatively provides remote computing services to the public through its payment processing equipment (including its PIN pad terminals) because such  equipment is used for the electronic storage and remote processing of customer payment card information during the payment verification process.

31.     By failing to take commercially reasonable steps to safeguard sensitive consumer financial data, Target has knowingly divulged customer credit and debit card account information and PINs that were carried and maintained on Target's remote computing service solely for the customer's payment verification purposes.

32.     As a result of Defendant's conduct described herein and its violations of § 2702(a)(1) and (2)(A), Plaintiffs and the Class have suffered damages.

33.     Plaintiffs and the Class seek damages available under 18 U.S.C. § 2707.

## COUNT II

### Breach of Implied Contract

34.     Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the allegations contained in all of the preceding paragraphs of the complaint as though fully stated herein.

35.     When they confided their private and confidential debit card and credit card information to Defendant in order to make purchases at Defendant's stores, Plaintiffs and Class

8

members entered into implied contracts with Defendant under which Defendant agreed to safeguard and protect all such information and to notify them that the confidentiality of such information was compromised.

36.    Plaintiffs and Class members would not have entrusted their private and confidential financial and personal information to Defendant in the absence of such an implied contract with Defendant.

37.    Defendant breached the implied contracts they had made with Plaintiffs and Class members by failing to safeguard such information and failing to notify them promptly of the intrusion into its computer systems that compromised such information.

38.    The damages sustained by Plaintiffs and Class members as described above were the direct and proximate result of Defendant's breaches of these implied contracts.

39.    Defendant's customers who were interested in making in-store purchases with debit or credit cards were required to provide their card's magnetic strip data and PINs (for debit cards) for payment verification.

40.    In providing such financial data, Plaintiffs and the other members of the Class entered into an implied contract with Defendant whereby Defendant became obligated to reasonably safeguard Plaintiffs' and the other Class members' sensitive, non-public, information.

41.    Under the implied contract, Defendant was obligated to not only safeguard customer financial information, but also to provide customers with prompt, adequate notice of any security breach or unauthorized access of said information.

42.    Defendant breached the implied contract with Plaintiffs and the other members of the Class by failing to take reasonable measures to safeguard their financial data.

43. Defendant also breached its implied contract with Plaintiffs and the other Class members by failing to provide prompt, adequate notice of the security breach and unauthorized access of customer financial information by third-party skimmers.

44. Plaintiffs and the other Class members suffered and will continue to suffer damages including, but not limited to loss of their financial information, loss of money and costs incurred as a result of increased risk of identity theft, all of which have ascertainable value to be proven at trial.

## COUNT III

### Negligence

45. Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the allegations contained in all of the preceding paragraphs of the complaint as though fully stated herein.

46. Defendant owed its customers a duty of care in the handling and safeguarding of their private and confidential financial and personal information entrusted to them for the purpose of making purchases at its stores.

47. By agreeing to accept Plaintiffs' and the Class' non-public financial information through its payment processing services, Target assumed a duty of care, which required it to exercise reasonable care to secure and safeguard that information.

48. When Plaintiffs and Class members confided private and confidential financial and personal information at Defendant's request and in order to effectuate payments to Defendant, Defendant had a duty to exercise reasonable care to maintain the confidentiality of such information and to safeguard and protect it from being lost, stolen, disclosed, and misused by unauthorized persons.

49.    Defendant, through its actions and/or omissions, breached its duty of care by failing to provide adequate security, and by failing to protect Plaintiffs' and the other Class members' financial data from being captured, accessed, disseminated, and misused by third parties.

50.    Plaintiff and the Class have been damaged as a direct and proximate result of Defendant's breaches of its duty to exercise reasonable care to safeguard the private and confidential financial and personal information entrusted to them by Plaintiffs and the Class.

51.    As a direct and proximate result of Defendant's failure to exercise reasonable care and use commercially reasonable security measures, Defendant turned Plaintiffs and the other Class members into targets for identity theft, and Plaintiffs' and the other Class members' financial information and bank account monies were, in fact, stolen.

52.    Plaintiffs and the Class have had their private and financial information compromised and seek damages as a result of Defendant's negligence.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on their own behalf and on behalf of the Class, respectfully request that this Honorable Court:

A.    certify this action as a class action for the purposes of final injunctive relief pursuant to Fed. R. Civ. P. 23(a) and (b)(2), and for damages pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and appoint Plaintiffs as Class Representatives and their counsel as Class Counsel thereof;

B.    order Defendant to notify each Class member of exactly what private and confidential financial and personal information of each Class member was exposed to theft and was, in fact, stolen;

11

C.      order Defendant to provide credit monitoring to all Class members;

D.      award damages to Plaintiffs and the Class;

E.      award damages, attorneys' fees and costs to Plaintiffs and Class

F.      award such other and further relief as the Court may deem just and appropriate.

DATED: December 20, 2013

_____
Peter N. Wasylyk (RI Bar # 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401-831-7730 (telephone)
401-861-6064 (facsimile)
Email: pnwlaw@aol.com

Additional Counsel for Plaintiff:

Andrew S. Kierstead
LAW OFFICE OF ANDREW KIERSTEAD
1001 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
508-224-6246 (telephone)
508-224-4356 (facsimile)